**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William C. Shaver, et al. | ) | No.   CV 00-1832-PHX-PGR |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Operating Engineers Local 428 Pension Trust Fund, at trust, et al. | ) | |
| Defendants. | ) | |

Pending before the Court is the Defendants' Motion for Summary Judgment (Doc. 66). The Court now rules on the motion.

**I.    INTRODUCTION**

Defendant Operating Engineers Union, Local 428 ("Operating Engineers") had an ERISA pension fund for its members' benefit pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. The Plaintiffs, William Shaver and William Dereschuk, a participant and beneficiary of the plan respectively, developed concerns regarding the management of the fund. Due to those concerns, the Plaintiffs filed a two-count complaint against the trustees and administrator of the ERISA benefit plan with the United States District Court for the District of Arizona in September of 2000. Through the complaint, the Plaintiffs alleged that the Defendants failed to turn over, pursuant to statutory requirements, certain financial records of the fund, and thus violated their fiduciary duty by

1 both not turning over those records and by neglecting to keep accurate records of the fund's
2 operation. On October 30, 2000, the Defendants filed a Motion to Dismiss for failure to state
3 a claim upon which relief may be granted pertaining to both counts of the complaint.
4 Defendants based their 12(b)(6) motion on two grounds: (1) that Plaintiffs were not entitled
5 to receive the documents requested; and (2) that no legal authority existed for Plaintiffs'
6 allegation of breach of fiduciary duty. This Court dismissed both Plaintiffs' claims when it
7 granted the Defendants' 12(b)(6) motion on August 13, 2001.  Specifically, the Court
8 concluded that the Plaintiffs had failed to show a breach of fiduciary duty, and that the
9 disclosure obligations articulated in 29 U.S.C. § 1024(b)(4) did not extend to the documents
10 requested by the Plaintiffs. The Plaintiffs promptly appealed this Court's decision dismissing
11 the complaint to the Ninth Circuit Court of Appeals.

12 On July 18, 2003, the Ninth Circuit affirmed in part, reversed in part, and remanded
13 this case to the District Court for further proceedings. <u>Shaver v. Operating Engineers Local</u>
14 <u>428 Pension Trust Fund</u>, 332 F.3d 1198, 1203 (9th Cir. 2003). The Ninth Circuit agreed with
15 this Court's conclusion that the detailed records of expenditures sought by the Plaintiffs were
16 not "instruments" under 29 U.S.C. § 1024(b), and thus were not subject to the statute's
17 disclosure requirements. <u>Id.</u> at 1201-02. However, the Ninth Circuit concluded that it was
18 premature for this Court to dismiss the Plaintiffs' breach of fiduciary duty claim for
19 Defendants' alleged failure to keep adequate records. <u>Id.</u> at 1202-03.

20 Once the case was remanded to this Court for further proceedings, the Plaintiffs filed
21 a First Amended Complaint alleging a breach of fiduciary duty on two separate grounds: (1)
22 the purported mismanagement of a loan relating to "certain property in Bullhead City,
23 Arizona known as the Silver Creek Inn," (the "Silver Creek Loan") and (2) non-specific
24 allegations that Defendants failed to keep adequate records. After the completion of
25 discovery, the Defendants filed the present motion arguing that the Plaintiffs cannot present
26 evidence in support of either claim; therefore, the Court should enter summary judgment in
27 the Defendants' favor.  However, the Plaintiffs assert that the evidence produced by the

1 Defendants along with the Department of Labor's investigation and the deposition testimony
2 of David Wick, liaison between the American Benefit Plan Administrators ("ABPA") and
3 the Defendant Trustees, establishes evidence sufficient to require a trial based on the
4 Plaintiffs' allegations.

**II.    LEGAL STANDARD AND ANALYSIS**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing that there is no genuine issue of material fact. Id., Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). After the moving party makes a properly supported motion, the responding party must present specific facts showing that a triable issue remains for trial. British Airways Bd. v. Boeing Co., 585 F.2d 946, 950-52 (9th Cir. 1978). It must set forth, by affidavit or other admissible evidence, specific facts demonstrating the existence of an actual issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (9186). In reviewing a motion for summary judgment, the Court must take the responding party's evidence as true and all inferences are to be drawn in its favor. Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1289 (9th Cir. 1987).

In support of their motion, the Defendants argue that not only is there no genuine issue of material fact in this case, but the Plaintiffs have provided no evidence whatsoever to support their claims for breach of fiduciary duty. The Defendants point out that the only substantive pleading or discovery response filed by the Plaintiffs in this matter is their First Amended Complaint; however, this document does not allege any specific facts and is otherwise inadmissible. Furthermore, the Defendants state that the Plaintiffs have not produced any documents to Defendants nor have they submitted any testimony in the form of interrogatories or depositions to support their claims. As the Defendant correctly notes, the parties were required to disclose their expert witnesses and any accompanying reports on or before June 15, 2005; however, the Plaintiffs failed to produce either and have not done so to date.

- 3 -

1    The Plaintiffs respond that the trustees have failed to account for or explain why
2 hundreds of thousands of dollars in ministerial expenses accrued for a period of six years.
3 The Plaintiffs point out that the trustees arrived at their totals for the ministerial expenses by
4 process of elimination, i.e., any money spent that was not reported as an expense in excess
5 of $5,000.00 would be categorized as a miscellaneous expense.  According to the Plaintiffs,
6 the trustees failure to have an itemization of these expenses for the accountant when she
7 prepared the Form 5500 constitutes a breach of fiduciary duty.  The Plaintiffs inform the
8 Court that the Department of Labor conducted an investigation regarding the accumulation
9 of these miscellaneous expenses and concluded that the Trustees were unable to provide the
10 agency with a list showing the service providers who received less than $5,000 in
11 compensation.  However, part of the explanation for this failure was that expenses related to
12 real estate were paid by McMorgan and Company causing the custodian bank to issue checks
13 directly to providers without going through the plan administrator.

14    In addition, the Plaintiffs contend the Plans' Trustees allowed McMorgan and
15 Company, the entity responsible for overseeing the Plans' real estate holdings, to manage the
16 real estate portfolios with minimal oversight, essentially exercising no real supervision over
17 McMorgan's decisions.  The Plaintiffs assert that, as a result, the Operators' Plans suffered
18 substantial losses, specifically regarding the Silver Creek Loan. [1]

19    In presenting arguments in support of their claims for breach of fiduciary duty, the
20 Court notes that the Plaintiffs have failed to cite to any legal authority.  Even assuming that
21 the Defendants failed to maintain accurate records as the Plaintiffs allege in their complaint,
22 the Plaintiffs are required to show that the absence of such records constitutes a breach of the

---

[1] Through their response, the Plaintiffs have attempted to assert a new claim against the Defendants not plead in their First Amended Complaint – that the Trustees allegedly breached their fiduciary duties by retaining two law firms, one for management-appointed Trustees and one for union-appointed trustees, to advise them on Plan business.  Since this new claim does not appear in the Plaintiffs' First Amended Complaint, nor have the Plaintiffs sought leave to further amend their complaint to allege such a claim, the Court finds the allegation untimely and will disregard it in its entirety.

plan trustee's fiduciary duty. Not only have the Plaintiffs failed to provide the Court with a legal basis for denying the Defendants motion, but they have also failed to support their claims with any competent evidence.

In an effort to establish a genuine issue of material fact regarding the Silver Creek Loan claim, the Plaintiffs present one loan summary document prepared in 2002 along with two pieces of correspondence in an effort to establish that the Plans' Trustees should have exercised more control over McMorgan's management of the Plans' real estate holdings. However, the Court finds such an argument without legal merit in light of ERISA's express provisions. Not only does ERISA allow Plan Trustees to appoint investment managers pursuant to 29 U.S.C. § 1102(c)(3), but it also provides a statutory safe harbor from liability for trustees who have delegated authority to investment managers in the event the investment manager acts improperly, 29 U.S.C. § 1105(c)(2). The Plaintiffs have failed to present to the Court any evidence or argument showing that the Trustees exceeded their statutory authority when appointing McMorgan and Company. Furthermore, the Plaintiffs have wholly failed to provide the Court with any legal argument as to how or why the Trustees should be liable for any of the alleged acts of McMorgan notwithstanding the safe harbor provision expressly provided by ERISA. Accordingly, the Plaintiffs' claims for breach of fiduciary duty will not survive the summary judgment stage.

IT IS ORDERED that the Defendants' Motion for Summary Judgment (Doc. 66) is GRANTED.

IT IS FURTHER ORDERED that Clerk of Court is to enter judgment in favor of the Defendants and against the Plaintiffs on all counts.

DATED this 31st day of March, 2006.

Paul G. Rosenblatt
United States District Judge